# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### LOUISVILLE DIVISION

**WILLIAM JO TUCKER**                                                                          **PLAINTIFF**

**v.**                                                                    **CIVIL ACTION NO. 3:23-CV-P328-JHM**

**KY STATE POLICE POST #4** *et al.*                                                      **DEFENDANTS**

## MEMORANDUM OPINION

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. The matter is before the Court for screening of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss this action.

### I.

Plaintiff William Jo Tucker is incarcerated at Larue County Detention Center (LCDC). He sues Kentucky State Police (KSP) Post #4 and Chief James Richardson of the City of Hodgenville Police Department. He sues Chief Richardson in his official capacity only.

Plaintiff makes the following allegations in the complaint:

At gas station in Larue County approximately 11:30 p.m. 5/3/23 cashing in lottery tickets James Richardson of Larue police, badge #142 also inside. Supposedly suspected me of drug use. Ran tags on vehicle at gas station, knew they were bad but allowed me to pull off anyway as entrapment. Ofc's pursued. KSP post #4 also in pursuit. When pursuit ended and I was compliant [KSP] exercised excessive force causing physical injury to myself and beating up my pregnant girlfriend . . . . [She] later miscarried my child. Medical documentation of miscarriage at [LCDC] . . . . Missing property: Black back pack to include cell phone, [illegible] pocket knife 3½ inches, billfold leather, two gold rings approx. $100 each, family gold cross pendant chain necklace, money I had on person, approx. $6,200. . . .

I refused blood test at Hardin Memorial hospital 5/3/23 still charged with aggravated DUI. Ky Supreme Court ruled 2021 non-consensual blood test cannot be utilized to prove guilt. Later charged in Hardin County for assault, criminal mischief, #23-F-00825. . . .

> Due to violation(s) of rights and excessive force charges I request dismissal in Hardin County. . . . Dismissal requested in Larue County and a mental phychological evaluation must be administered and I be sent to rehab and all property reimbursement of located. . . . Case # 23-CR-043, citation #EB-45-453 dismissal request.

Plaintiff also seeks damages.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to

conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

**A. Kentucky State Police**

The Eleventh Amendment to the United States Constitution prohibits federal courts from exercising subject-matter jurisdiction over a suit for money damages brought directly against the state, its agencies, and state officials sued in their official capacities. *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 143-45 (1993); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Further, a state and its agencies may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it. *Puerto Rico Aqueduct and Sewer Auth.*, 506 U.S. at 146; *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984).

It is well-established that the Kentucky State Police constitutes an "arm of the state" for Eleventh Amendment purposes. *See Kenney v. Paris Police Dep't*, No. 5:07-CV-358-JMH, 2011 U.S. Dist. LEXIS 45019, at *16-17 (E.D. Ky. Apr. 26, 2011) ("The Sixth Circuit has previously recognized the Kentucky State Police is entitled to governmental immunity under the Eleventh Amendment.") (citing *Barnes v. Hamilton*, No. 91-5360, 1991 U.S. App. LEXIS 24593, at *4 (6th Cir. Oct. 10, 1991)). Additionally, state agencies are not considered "persons" within the meaning of § 1983. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

Thus, Plaintiff's claims against the KSP must be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from a Defendant who is immune from such relief.

### B. Police Chief Richardson

Plaintiff sues Chief Richardson in his official capacity only. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (*Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claim against Chief Richardson is actually against his employer, the City of Hodgenville.

When a § 1983 claim is made against a municipality, the Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691. Here, Plaintiff does not allege that he suffered any harm as a result of a custom or policy implemented or endorsed by the City of Hodgenville.

Moreover, even if Plaintiff had sued Chief Richardson in his individual capacity, Plaintiff's claim against him would still fail. Plaintiff accuses Chief Richardson of "entrapment." Entrapment is not a civil cause of action, but a criminal defense that cannot be brought in a § 1983 action. *See Hall v. Scioto Cnty. Jail*, No. 1:23-cv-524, 2023 U.S. Dist. LEXIS 158141, at *10 (S.D. Ohio Sept. 6, 2023) (citing *Schieb v. Humane Soc. of Huron Valley*, 582 F. Supp. 717, 725 (E.D. Mich. 1984) (stating "there is no federal constitutional right to be free from entrapment[ ]" and "a claim of entrapment does not state a cause of action under 42 U.S.C. § 1983.").

### C. Deprivation of Property

The Court next turns to Plaintiff's claim that he is missing property. The Supreme Court has held that where adequate remedies are provided by state law, the negligent or intentional loss of personal property does not state a claim cognizable under the Due Process Clause of the Fourteenth Amendment. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), *rev'd on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). To state a claim for the deprivation of property without due process pursuant to § 1983, a plaintiff must allege that the state post-deprivation procedures are inadequate to remedy the deprivation. *Parratt*, 451 U.S. at 543-44. The law of this circuit is in accord. The Sixth Circuit has held that "[i]n § 1983 damage suits claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983). The Sixth Circuit has found that Kentucky's statutory remedy for such losses is adequate within the meaning of *Parratt*. *See Wagner v. Higgins*, 754 F.2d 186, 191-92 (6th Cir. 1985).

### D. Excessive Force

The Court next turns to Plaintiff's allegation that unnamed KSP officers "exercised excessive force causing physical injury" to Plaintiff even though he was "compliant."

Fourth Amendment excessive-force claims are analyzed under an objective-reasonableness standard, which depends on the facts and circumstance of each case viewed from the perspective of a reasonable officer on the scene. *Graham v. Connor*, 490 U.S. 386, 395-96 (1989). An officer making an investigative stop or arrest has "the right to use some degree of physical coercion or threat thereof to effect it." *Id*. at 396. "The question we must ask is whether, under the totality of the circumstances, the officer's actions were objectively reasonable." *Miller v. Sanilac Cnty.*, 606 F.3d 240, 251 (6th Cir. 2010) (citing *Fox v. DeSoto*, 489 F.3d 227, 236-37 (6th Cir. 2007)). "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." *Graham*, 490 U.S. at 396. The question of whether force is excessive turns on the objective reasonableness of the officer's conduct under the circumstances. *Id*. at 397. Here, Plaintiff does not provide sufficient factual information regarding the circumstances of his search and seizure for the Court to find that he has stated a claim under the above standard. *See Iqbal*, 556 U.S. 662 at 678; *Twombly*, 550 U.S. at 570. Thus, the claim must be dismissed.

As to Plaintiff's claim that KSP officers "beat up" his pregnant girlfriend, Plaintiff does not have standing to bring an excessive-force claim on his girlfriend's behalf. *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 126 (2014) (standing encompasses, among other things, "the general prohibition on a litigant's raising another person's legal rights") (citations omitted); *Warth v. Seldin*, 422 U.S. 490, 499 (1975) ("[A] plaintiff generally must assert

his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.").

Thus, Plaintiff's excessive-force claims will be dismissed for failure to state a claim upon which relief may be granted.

**E. Injunctive Relief**

Finally, the Court turns to Plaintiff's request for injunctive relief in the form of dismissal of his state criminal charges. A challenge to the fact or duration of Plaintiff's confinement, such as to have his charges dismissed, would have to be brought as a petition for habeas corpus and is not cognizable in this civil-rights action. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody).

**IV.**

The Court will enter a separate Order dismissing this action consistent with this Memorandum Opinion.

Date: October 19, 2023

*Joseph H. McGinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:   Plaintiff, *pro se*
4414.011